UNITED STATES DISTRICT COURT        EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CHARLES W. TURNAGE and <br> PHYLLIS E. TURNAGE, <br><br> Plaintiffs, <br><br> *versus* <br><br> CHASE HOME FINANCE, LLC, <br><br> Defendant. | § § § § § § § § § § § § CIVIL ACTION NO. 1:10-CV-216 |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiffs Charles W. Turnage and Phyllis E. Turnage's (collectively, "the Turnages") Motion to Remand (#6). The Turnages seek remand to state court of their action against Defendant Chase Home Finance, LLC ("Chase"), on the grounds that there is no diversity of citizenship between the parties and the amount in controversy does not exceed $75,000.00, thereby depriving this court of subject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

I.     Background

On or about November 19, 2004, the Turnages obtained a home equity loan in the amount of $82,000.00 from New Century Mortgage Corporation secured by real estate located in Beaumont, Texas. The loan was non-escrowed and, thus, Plaintiffs made all tax and insurance payments directly to the entity owed. Chase now services the mortgage on behalf of Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for Structured Asset

Securities Corporation Mortgage Pass-Through Certificates, Series 2005-NC1. According to Plaintiffs, they did not experience any problems with their loan for approximately two years.

On May 31, 2007, the Turnages entered into a payment plan with the Jefferson County Tax Office in which they agreed to make eight monthly payments of $348.06 to satisfy the 2006 property taxes owed on the property. On June 14, 2007, they received a letter from Chase, stating that their property taxes were reported as overdue and delinquent. The letter added that "your failure to pay the outstanding taxes within thirty (30) days from the date of this letter may result in Chase establishing an escrow account on your behalf and a subsequent increase in your mortgage payment." Again, on September 17, 2007, the Turnages received a similar letter indicating that, as of August 26, 2007, their property taxes remained in arrears.

The Turnages contend that, in December 2007, they contacted the Jefferson County Tax Office to verify the amount of taxes still owed for 2006 and discovered that Chase had paid the remainder of the taxes owed for 2006 and all of the property taxes owed for 2007. The Turnages assert that Chase subsequently placed their loan into escrow and increased their monthly note payments. It appears that Plaintiffs defaulted on their mortgage at various times over the course of the next several years. The Turnages allege that, during this time period, Chase rejected any attempts to cure the default and refused to accept their payments as insufficient to bring the account current.

Subsequently, on April 13, 2009, Chase filed a foreclosure suit in the 172nd Judicial District Court of Jefferson County, Texas. Chase asserted that Plaintiffs "failed to remit the monthly payments which became due in December 2008, and every monthly installment which has

become due since that date." Chase maintained that, as of March 27, 2009, the loan was four months in arrears. The foreclosure suit was subsequently dismissed on or about May 11, 2009.[1]

On February 19, 2010, Plaintiffs filed their Original Petition in the 172nd Judicial District Court of Jefferson County, Texas, asserting causes of action for breach of contract, breach of fiduciary duty, and intentional interference with a business relationship and contract based on Chase's alleged refusal to accept their loan payments. The Turnages request a declaratory judgment stating that they are in full compliance with their note, that they do not owe Chase any additional fees or expenses, that Chase has wrongfully refused their payments, and that they are entitled to recover damages against Chase. The Turnages further seek to recover an unspecified amount of actual damages, exemplary damages, and reasonable attorney's fees. Beginning March 1, 2010, Plaintiffs began placing their monthly loan payments into the registry of the 172nd Judicial District Court of Jefferson County, Texas. As of May 13, 2010, a total of $11,487.07 had been deposited into the court's registry.

On April 14, 2010, Chase removed the case to federal court on the basis of diversity of citizenship, alleging that complete diversity exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs filed the instant motion to remand on May 13, 2010, contending that complete diversity of citizenship is lacking and the amount in controversy is less than $75,000.00.

---

[1] The record does not indicate why the foreclosure suit was dismissed.

II.   Analysis

    A.   Federal Jurisdiction in Removed Actions

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th

Cir. 2003). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006);

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723; *Howery*, 243 F.3d at 916; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001); *Gebbia*, 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. Louisiana Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

B.   Diversity of Citizenship

In the instant case, it is undisputed that the Turnages are citizens and residents of the State of Texas. Plaintiffs assert that because Chase is also a citizen of Texas, the court lacks subject matter jurisdiction, as there is not complete diversity. Plaintiffs' argument is without merit.

While a corporation is deemed to be a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (stating that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members"); *see* 28 U.S.C. § 1332(c)(1). As demonstrated by Chase's Rule 7.1 Corporate Disclosure Statement and Exhibit I submitted by the Turnages, Chase is a Delaware Limited Liability Company, with its principal place of business in the State of New Jersey. Chase's sole member is Chase Home Finance, Inc., a Delaware corporation, with its principal place of business in State of New Jersey.[2] *See Milligan v. Chase Home Fin., LLC*, No. 1:08-CV-32, 2009 WL 562219, at *3 (N.D. Miss. Mar. 4, 2009); *accord Lamar v. Chase Home Fin., LLC*, No. 1:07-CV-141, 2008 WL 4057301, at *2 (N.D. Miss. Aug. 26, 2008); *Miller v. Chase Home Fin., LLC*, No. 08-0575, 2008 WL 4435824, at *1 (W.D. La. July 25, 2008); *Gonzalez v. Chase Home Fin., LLC*, No. C-07-479, 2008 WL 362967, at *1 (S.D. Tex. Feb. 8, 2008). Accordingly, complete diversity exists in the instant matter given that the Turnages are residents and citizens of Texas and Chase is a citizen of Delaware and New Jersey.

---

[2] Attached to Plaintiffs' Motion to Remand is a excerpt from BusinessWeek.com, which verifies that Chase is headquartered in Edison, New Jersey, and operates as a subsidiary of Chase Home Finance, Inc.

C.   Amount in Controversy

The parties further dispute whether the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  *See Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *De Aguilar v. Boeing Co. ("De Aguilar II")*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288).  "When the claim is one for declaratory relief, the amount in controversy is determined by 'the value of the right to be protected or the extent of the injury to be prevented.'"  *Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (quoting *Greenberg*, 134 F.3d at 1252-53); *see also Aladdin's Castle, Inc. v. Mesquite*, 630 F.2d 1029, 1035 (5th Cir. 1980) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Component Mgmt. Servs., Inc. v. America II Elecs., Inc.*, No. Civ. 3:03-CV-1210-P, 2003 WL 23119152, at *1 (N.D. Tex. Sept. 9, 2003).  Texas law prohibits plaintiffs from pleading for specific amounts in cases of unliquidated damages.  *See* Tex. R. Civ. P. 47; *De Aguilar II*, 47 F.3d at 1410.  Therefore, when the petition does not specify the amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno*, 276 F.3d at 723; *Gebbia*, 233 F.3d at 882; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Greenberg*, 134 F.3d at 1253.

"This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citing *Simon*, 193 F.3d at 850); *accord Garcia*, 351 F.3d at 639; *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003); *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Gebbia*, 233 F.3d at 882-83. Unless it is apparent from the petition that the amount in controversy exceeds $75,000.00, the defendant may not rely on mere conclusory allegations in the notice of removal to satisfy its burden. *See Felton*, 324 F.3d at 774; *Simon*, 193 F.3d at 850-51. Rather, the defendant "ha[s] an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to demonstrate the requisite jurisdictional amount. *Simon*, 193 F.3d at 851; *see Garcia*, 351 F.3d at 638; *Grant*, 309 F.3d at 869.

If it is facially apparent that the amount in controversy likely exceeds $75,000.00 or if the defendant produces sufficient evidence that the jurisdictional amount is satisfied, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *see Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 724; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar II*, 47 F.3d at 1412. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen*, 63 F.3d at 1335 n.14; *accord Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 711 (S.D. Miss. 2004); *Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F. Supp. 469, 471 n.3 (S.D. Tex. 1995). The plaintiff "may

establish this by identifying a statute, or by filing a binding stipulation, that so limits [his] recovery." *Manguno*, 276 F.3d at 724 (citing *De Aguilar II*, 47 F.3d at 1412); *accord Hogg v. Rust Indus. Cleaning Servs., Inc.*, 896 F. Supp. 655, 657 (E.D. Tex. 1995). The United States Court of Appeals for the Fifth Circuit has "emphasized that 'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (quoting *De Aguilar II*, 47 F.3d at 1412).

Here, the Turnages seek a declaratory judgment and recovery of actual and exemplary damages, costs of court, reasonable attorney's fees, and any further relief to which they are entitled. Specifically, Plaintiffs seek a declaratory judgment that:

1. The Plaintiffs are in full compliance with the note and agreement.
2. The Plaintiffs do not owe the Defendant any additional fees or expenses.
3. The Defendant has wrongfully refused payments from the Plaintiffs.
4. The Plaintiffs are entitled to recover all reasonable and necessary attorney's fees; costs associating [sic] with obtaining this request for Declaratory Judgment and the fees and cost should be accessed [sic] and rendered against the Defendant in the amount to be proven at a hearing on this matter.

In the instant motion, the Turnages seek remand to state court on the grounds that the amount in controversy is approximately $981.36—the amount remaining after subtracting $10,441.30 demanded by Chase to cure the default from the $11,487.07 paid by the Turnages into the court's registry. In response, Chase asserts that it is apparent from the face of the Turnages' pleadings that the amount in controversy exceeds the minimum federal jurisdictional amount. Chase argues that Plaintiffs' Original Petition requests a declaratory judgment that "they are in compliance with the terms of their home equity loan" and, thus, seeks to enjoin Chase from foreclosing on their property. For that reason, Chase contends that the value of the requested

relief is the current appraised fair market value of the subject property, approximately $137,140.00.

As stated above, in an action for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citing *Aladdin's Castle, Inc.*, 630 F.2d at 1035). In other words, the amount in controversy, in an action for declaratory or injunctive relief is "'the value of the right to be protected or the extent of the injury to be prevented.'" *Bates*, 332 F.3d at 326 (quoting *Greenberg*, 134 F.3d at 1252-53); *see Aladdin's Castle, Inc.*, 630 F.2d at 1035 (citing *Hunt*, 432 U.S. at 347); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009); *Milligan*, 2009 WL 562219, at *3 (citing *Leininger*, 705 F.2d at 729; *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 446 (5th Cir. 1971); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (stating that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted"). "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2 (citing *Chambers v. Chase Home Fin. LLC*, No. 3:06-CV-695, 2006 WL 3086517, at *3 (N.D. Tex. Oct. 31, 2006); *Webb*, 89 F.3d at 257 n.1; *Garcia*, 351 F.3d at 639-40).

In their Original Petition, the Turnages state that it is undisputed that "the Defendant seeks to foreclose and seize Plaintiffs' home." Thus, to prevent Chase from foreclosing on their home, Plaintiffs seek a declaratory judgment that they are "in full compliance with the note and agreement" and do not owe Chase "any additional fees or expenses."

Here, the value of the object of the litigation is the potential loss to the Turnages if such relief is denied. The Jefferson County Appraisal District's 2009 tax assessment confirms that the property is valued at $137,140.00. The unpaid principal balance on the Turnages' home equity loan (excluding unpaid interest and fees) at the time of removal was approximately $74,185.00. Whether the amount in controversy is measured by the value of the property or the amount of the unpaid principal balance of the mortgage, either sum, coupled with Plaintiffs' request for $5,000.00 in attorney's fees, unspecified actual damages, and exemplary damages, exceeds the minimum federal jurisdictional threshold.[3] Accordingly, the Turnages' action shall remain in this federal forum.

III.  Conclusion

Based on the foregoing analysis, the court finds that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted. Accordingly, Plaintiffs' Motion to Remand is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of July, 2010.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[3] Furthermore, Plaintiffs have failed to demonstrate that it is legally certain that their recovery will not exceed $75,000.00. *See Manguno*, 276 F.3d at 724; *Allen*, 63 F.3d at 1335 n.14; *De Aguilar II*, 47 F.3d at 1412.